080205.41

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HUMES and ANGELA HUMES,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant.<br>FORD MOTOR COMPANY,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>PEKIN INSURANCE COMPANY a/k/a<br>FARMERS AUTOMOBILE MANAGEMENT<br>CORP. and GENERAL CASUALTY COMPANY,<br><br>    Third-Party Defendants. | No.  08 CV 1750<br>Honorable Judge Ruben Castillo |

## DEFENDANT'S MOTION TO FILE A THIRD-PARTY COMPLAINT

NOW COMES defendant FORD MOTOR COMPANY, ("Ford") by its attorneys James D. Sloan and Michael J. Borree, for its motion pursuant to Fed. R. Civ. P. 14, seeking leave to file a third-party complaint against Pekin Insurance Company and General Casualty Company.  In support thereof, Ford states as follows:

    1.    Plaintiff JOHN HUMES and ANGELA HUMES seek damages from defendant Ford on the claim of strict liability, for property damage sustained as a result of a fire on June 26, 2007.

2.  Ford now seeks leave to file a third-party complaint against two insurance companies for certain acts and omissions made during the course of the investigation of the occurrence. A copy of Ford's third-party complaint is attached hereto as <u>Exhibit 1</u>.

WHEREFORE, defendant FORD MOTOR COMPANY now respectfully requests that this Honorable Court enter an order allowing leave to file a third-party complaint in this matter. Defendant Ford Motor Company will issue appropriate waivers of service.


DONOHUE BROWN MATHEWSON & SMYTH LLC


By:  __/s/ Michael J. Borree_____
     Michael J. Borree

James D. Sloan - #06256682
Michael J. Borree - #06281054
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

080205.40

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HUMES and ANGELA HUMES,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant.<br>FORD MOTOR COMPANY,<br><br>Third-Party Plaintiff,<br>v.<br><br>PEKIN INSURANCE COMPANY a/k/a<br>FARMERS AUTOMOBILE MANAGEMENT<br>CORP. and GENERAL CASUALTY COMPANY,<br><br>Third-Party Defendants. | No. 08 CV 1750<br>Honorable Judge Ruben Castillo |

### THIRD PARTY COMPLAINT

NOW COMES defendant/third-party plaintiff, FORD MOTOR COMPANY (hereinafter "Ford"), by and through its attorneys in this regard, Michael J. Borree, James D. Sloan, and DONOHUE BROWN MATHEWSON & SMYTH LLC, and in the alternative to its other pleadings in this matter, for its third-party complaint against PEKIN INSURANCE COMPANY a/k/a FARMERS AUTOMOBILE MANAGEMENT CORP. (hereinafter "Pekin"), and GENERAL CASUALTY COMPANY (hereinafter "General Casualty"), pursuant to Federal Rule of Civil Procedure 14(a), stating as follows:



### Jurisdiction and Venue

1. The jurisdiction in this action of the United States District Court is based on supplemental jurisdiction, as the claims set forth herein are so related to plaintiff's principal action that they form part of the same case and controversy. 28 U.S.C. § 1367.

2. Venue is proper in this district as a substantial part of the events giving rise to the claim occurred here. 28 U.S.C. § 1391 (a)(2).

### Facts Common to All Counts

3. Plaintiffs John Humes and Angela Humes have filed a complaint against Ford alleging that, on June 26, 2007, a fire occurred on their property, resulting in damage to their garage, home, and other real and personal property. (A copy of plaintiffs' second amended complaint is attached hereto as Exhibit A).

4. The plaintiffs' second amended complaint alleges that a 2002 Ford Expedition was parked in the garage at the time of the occurrence.

5. At the time of the alleged occurrence, a 2005 Buick Rendezvous, owned by James Philip was also parked on the Humes' property and was adjacent to the 2002 Ford Expedition.

### COUNT I
### PEKIN - NEGLIGENT SPOLIATION

6. Third-party plaintiff hereby incorporates paragraphs 3 through 5 above, as though fully set forth herein.

7. Upon information and belief, prior to June 26, 2007, Pekin issued a policy of insurance for the property owned/and or occupied by plaintiffs John and Angela Humes.

2

8.    Following the occurrence of June 26, 2007, the plaintiffs filed a claim with Pekin for their alleged losses and/or otherwise made Pekin aware of their alleged losses.

9.    Shortly after becoming aware of the plaintiff's claim, Pekin, individually and through its agents and employees, investigated, inspected, and reviewed the occurrence and/or the plaintiffs' property, and the alleged damages thereto.

10.    During its investigation and inspection of the Humes' property, Pekin, individually and through its agents and employees, made certain omissions and performed certain actions that resulted in the removal, disposal and/or destruction of evidence material to the investigation, including but not limited to:

    a. various contents of the Humes' home and garage;

    b. walls of the home, garage, and the materials contained therein;

    c. certain electrical fixtures, electrical appliances and various other items contained within the home and garage.

11.    Upon becoming aware of the plaintiffs' occurrence, Pekin, individually and through its agents and employees, knew or should have known that property damaged in the occurrence would be material to a potential civil action. The inspection and investigation of the occurrence and property on the part of Pekin was a voluntary undertaking that gave rise to a duty to exercise ordinary care and caution to preserve all evidence of the fire.

12.    Notwithstanding the aforesaid duty, Pekin, individually and through its agents and employees, carelessly, or negligently failed to preserve the existing evidence of the fire on the Humes' property, during the course of the investigation of the occurrence and plaintiffs' alleged losses.

13.    As a result of the foregoing careless and/or negligent acts or omissions, third-party

plaintiff Ford has been injured in that its ability to defend the plaintiffs' second amended complaint at law has been prejudiced and undermined by the destruction and/or modification of the aforementioned material evidence. Specifically, Ford will be unable to investigate, establish, and/or place into evidence at trial that certain conditions existing on the plaintiffs' property were a cause or the proximate cause of the occurrence and damages now alleged by the plaintiffs.

14. Accordingly, notwithstanding Ford's denial of liability to the plaintiffs, in the event that Ford is found liable to the plaintiffs in connection with the plaintiffs' second amended complaint at law, Ford is entitled to compensation from Pekin for its acts and omissions in removing, disposing, and/or destroying evidence following the occurrence of June 26, 2007.

## COUNT II
## GENERAL CASUALTY - NEGLIGENT SPOLIATION

15. Third-party plaintiff hereby incorporates paragraphs 3 through 5 above, as though fully set forth herein.

16. Upon information and belief, prior to June 26, 2007, General Casualty issued a policy of insurance for a 2005 Buick Rendevous, owned by James Philip.

17. General Casualty became aware of the occurrence of June 26, 2007 at a time when the 2005 Buick Rendevous, was in its post-occurrence condition. After becoming aware of the occurrence, General Casualty took possession of the 2005 Buick Rendevous.

18. Upon becoming aware of the June 26, 2007 occurrence and taking possession of the 2005 Buick Rendevous, General Casualty, individually and through its agents and employees, knew or should have known that the 2005 Buick Rendezvous would constitute evidence material to a potential civil action.

19. General Casualty, individually and through its agents and employees, took possession of the vehicle following June 26, 2007 and this was a voluntary undertaking giving rise to a duty to preserve the evidence of the 2005 Buick Rendezvous.

20. Notwithstanding the aforesaid duty, General Casualty, individually and through its agents and employees, carelessly, negligently or intentionally removed, destroyed and/or disposed of various parts of the 2005 Buick Rendezvous between June 26, 2007 and June 5, 2008.

21. As a result of the foregoing careless and/or negligent acts and/or omissions, third-party plaintiff Ford has been injured in that its ability to defend the plaintiffs' second amended complaint at law has been prejudiced and undermined by the destruction and/or modification of the aforementioned material evidence. Specifically, Ford will be unable to investigate, establish, and/or place into evidence at trial that a condition existing in the 2005 Buick Rendevous was a cause or the the proximate cause of the occurrence and damages now alleged by the plaintiffs.

22. Accordingly, notwithstanding Ford's denial of liability to the plaintiffs, in the event that Ford is found liable to the plaintiffs in connection with the plaintiffs' second amended complaint at law, Ford is entitled to compensation from General Casualty for its acts and omissions in removing parts, disposing of parts, and/or destroying parts of the 2005 Buick Rendevous.

WHEREFORE, third-party plaintiff FORD MOTOR COMPANY, in the alternative to its other pleadings, now respectfully requests that if judgment is entered against this defendant on the plaintiff's complaint at law, that:

    a. judgment be entered in favor of Ford against Pekin Insurance Company and General Casualty Company, in an amount equal to the judgment against Ford, or in an amount commensurate with Pekin Insurance Company's and General

Casualty Company's relative culpability in prejudicing any potential defenses of Ford Motor Company;

b. costs and reasonable attorney's fees; and

c. such other and further relief as this Court deems just and appropriate under these circumstances.

DONOHUE BROWN MATHEWSON & SMYTH LLC

By:   /s/   Michael J. Borree
      Michael J. Borree

James D. Sloan - #06256682
Michael J. Borree - #06281054
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:   (312) 422-0900
Facsimile:   (312) 422-0909

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HUMES and ANGELA HUMES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -VS- ) | NO. 08 CV 1750 |
| ) | |
| FORD MOTOR COMPANY ) | JUDGE CASTILLO |
| ) | |
| Defendant ) | MAGISTRATE JUDGE BROWN |

### SECOND AMENDED COMPLAINT

Now come the Plaintiffs herein, JOHN HUMES and ANGELA HUMES, by their attorneys NORMAN H. LEHRER, P.C. and state as follows by way of Complaint against Defendant FORD MOTOR COMPANY:

### Jurisdiction

The jurisdiction of the United States District Court for this action is based on Diversity of Citizenship, as this case is a civil action between citizens of different states. 28 U.S.C. 1332. It is Plaintiffs' good faith believe that the amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

### Product Liability

1. Defendant FORD MOTOR COMPANY (hereinafter "manufacturer") is a corporation, in the business of manufacturing automobiles, with the intention of selling these automobiles to the public at large through a system of authorized dealerships. Defendant Manufacturer does business in all counties of the State of Illinois including DuPage County.

2. Plaintiffs JOHN HUMES and ANGELA HUMES at all times relevant hereto were residing in Illinois

3. Prior to June 26, 2007, Plaintiff ANGELA HUMES purchased a 2002 Ford

1



Expedition, manufactured by Defendant Manufacturer, VIN 1FMPU16L21LA39467, for valuable consideration.

4. At all times relevant, Defendant Manufacturer was engaged in the business of designing, manufacturing, selling, distributing, and repairing vehicles in the United States, including the State of Illinois.

5. On June 26, 2007, Plaintiff ANGELA HUMES was in possession of the vehicle that is the subject of this lawsuit, and said vehicle was parked in Plaintiff JOHN HUMES' garage, in Carol Stream, Illinois.

6. That prior to June 26, 2007, the vehicle had been designed, constructed, and distributed by Defendant FORD MOTOR COMPANY, and had subsequently been purchased by Plaintiff ANGELA HUMES.

7. That on June 26, 2007, the subject vehicle of this lawsuit, while parked in Plaintiff JOHN HUMES' garage, suddenly caught fire and caused substantial damages, including but not limited to damage to the Plaintiff's garage, home, and other real and personal property.

8. That the vehicle contained one or more of the following unreasonably dangerous conditions and/or non-conformities:

   a. was designed, manufactured, sold, and distributed with a dangerous defect causing the vehicle to spontaneously catch fire without warning or provocation.

9. That the aforementioned unreasonably dangerous conditions and non-conformities in the vehicle existed at the time the vehicle left the control of FORD MOTOR COMPANY.

10. That on June 26, 2007, as a result of one or more of the preceding conditions and/or non-conformities, Plaintiffs ANGELA HUMES and JOHN HUMES sustained financial damages.

11. That the damages set forth above, are a direct and proximate result of one or more of the aforesaid unreasonably dangerous and defective condition.

WHEREFORE, Plaintiffs ANGELA HUMES and JOHN HUMES pray for judgment against Defendant, FORD MOTOR COMPANY, in an amount in excess of $100,000.00 each.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted,

/s/ William G. Hutul
One of the Plaintiffs' Attorneys

NORMAN H. LEHRER, P.C.
429 W. Wesley
Wheaton, IL 60187
630-462-0700