080205.43

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN HUMES and ANGELA HUMES, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | No.  08 CV 1750 <br> Honorable Judge Ruben Castillo |

## DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW COMES defendant, FORD MOTOR COMPANY ("Ford"), by and through its attorneys in this regard, James D. Sloan, Michael J. Borree, and DONOHUE BROWN MATHEWSON & SMYTH LLC, for its answer to plaintiffs' second amended complaint, stating as follows:

### Jurisdiction

The jurisdiction of the United States District Court for this action is based on Diversity of Citizenship, as this case is a civil action between citizens of different states. 28 U.S.C. 1332. It is Plaintiffs' good faith believe that the amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

### ANSWER:

This defendant admits that the jurisdiction of the United States District Court for this action is proper based on diversity of citizenship, given that the plaintiffs and defendant are citizens of different states. This defendant also admits that the plaintiffs' addendum seeks damages in excess of $75,000.00, but defendant denies that the plaintiffs are entitled to the relief requested.

**Product Liability**

1. Defendant FORD MOTOR COMPANY (hereinafter "manufacturer") is a corporation, in the business of manufacturing automobiles, with the intention of selling these automobiles to the public at large through a system of authorized dealerships. Defendant Manufacturer does business in all counties of the State of Illinois including DuPage County.

   **ANSWER:**

   This defendant admits that it is a corporation, in the business of manufacturing automobiles in part, and that its business includes distributing automobiles to its authorized dealerships for purposes of sale to the public at large. This defendant also admits that it does business within the State of Illinois, including but not limited to DuPage County. To the extent that any allegations contained within paragraph 1 are deemed to be inconsistent with the foregoing, said allegations are denied.

2. Plaintiffs JOHN HUMES and ANGELA HUMES at all times relevant hereto were residing in Illinois.

   **ANSWER:**

   This defendant lacks information sufficient in order to admit or deny the allegations of paragraph 2 of plaintiffs' second amended complaint, and therefore said allegations are denied.

3. Prior to June 26, 2007, Plaintiff ANGELA HUMES purchased a 2002 Ford Expedition, manufactured by Defendant Manufacturer, VIN 1FMPU16L21LA39467, for valuable consideration.

**ANSWER:**

This defendant lacks information sufficient in order to admit or deny the allegations of paragraph 3 of plaintiffs' second amended complaint, and therefore said allegations are denied.

4.  At all times relevant, Defendant Manufacturer was engaged in the business of designing, manufacturing, selling, distributing, and repairing vehicles in the United States, including the State of Illinois.

**ANSWER:**

This defendant admits that it is engaged in the business of designing in part, manufacturing in part, selling in part, and distributing vehicles within the United States, including the State of Illinois. This defendant denies the remaining allegations of paragraph 4 of the plaintiffs' second amended complaint.

5.  On June 26, 2007, Plaintiff ANGELA HUMES was in possession of the vehicle that is the subject of this lawsuit, and said vehicle was parked in Plaintiff JOHN HUMES' garage, in Carol Stream, Illinois.

**ANSWER:**

This defendant lacks information sufficient in order to admit or deny the allegations of paragraph 5 of plaintiffs' second amended complaint, and therefore said allegations are denied.

6.  That prior to June 26, 2007, the vehicle had been designed, constructed, and distributed by Defendant FORD MOTOR COMPANY, and had subsequently been purchased by Plaintiff ANGELA HUMES.

**ANSWER:**

This defendant admits that prior to June 26, 2007, it had designed in part, constructed in part, and distributed the subject vehicle. Answering further, this defendant lacks information sufficient in order to admit or deny the remaining allegations of paragraph 6 of plaintiffs' second amended complaint, and therefore said allegations are denied.

7.  That on June 26, 2007, the subject vehicle of this lawsuit, while parked in Plaintiff JOHN HUMES' garage, suddenly caught fire and caused substantial damages, including but not limited to damage to the Plaintiff's garage, home, and other real and personal property.

**ANSWER:**

This defendant lacks information sufficient in order to admit or deny the allegations of paragraph 7 of plaintiffs' second amended complaint, and therefore said allegations are denied.

8.  That the vehicle contained one or more of the following unreasonably dangerous conditions and/or non-conformities:

   a. was designed, manufactured, sold, and distributed with a dangerous defect causing the vehicle to spontaneously catch fire without warning or provocation.

**ANSWER:**

This defendant denies the allegations of paragraph 8, including subparagraph (a) included therein.

9.  That the aforementioned unreasonably dangerous conditions and non-conformities in the vehicle existed at the time the vehicle left the control of FORD MOTOR COMPANY.

**ANSWER:**

This defendant denies the allegations of paragraph 9 of plaintiffs' second amended complaint.

10.     That on June 26, 2007, as a result of one or more of the preceding conditions and/or non-conformities, Plaintiffs ANGELA HUMES and JOHN HUMES sustained financial damages.

**ANSWER:**

This defendant denies the allegations of paragraph 10 of plaintiffs' second amended complaint.

11.     That the damages set forth above, are a direct and proximate result of one or more of the aforesaid unreasonably dangerous and defective condition.

**ANSWER:**

This defendant denies the allegations of paragraph 11 of plaintiffs' second amended complaint.

WHEREFORE, defendant FORD MOTOR COMPANY denies that the plaintiffs are entitled to the relief requested in the second amended complaint, and this defendant prays for judgment in its favor, and for costs to be assessed against plaintiffs.

DONOHUE BROWN MATHEWSON & SMYTH LLC


By:    /s/ Michael J. Borree_____
       One of the attorneys for FORD MOTOR COMPANY

James D. Sloan - #06256682
Michael J. Borree - #06281054
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:     (312) 422-0900
Facsimile:     (312) 422-0909

080205.55

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HUMES and ANGELA HUMES,<br><br>                Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>                Defendant. | Removed from the Circuit Court of<br>The Eighteenth Judicial Circuit –<br>DuPage County, Illinois<br><br>NO. 08 CV 1750 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2008, I filed Defendant Ford Motor Company's Answer to Second Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notice to the following:

Mr. Norman Lehrer
Norman H. Lehrer, P.C.
429 West Wesley
Wheaton, IL  60187

                          DONOHUE BROWN MATHEWSON & SMYTH LLC

                          <u>s/ Michael J. Borree</u>
                          James D. Sloan (ARDC #6256682)
                          Michael J. Borree (ARDC #6281054)
                          DONOHUE BROWN MATHEWSON & SMYTH LLC
                          140 South Dearborn, Suite 800
                          Chicago, IL 60603
                          Telephone:    (312) 422-0900
                          Facsimile:    (312) 422-0909